# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION

JEFFREY PAUL GOLDEN                                                                              PETITIONER
ADC #104290,

v.                                          5:14CV00116-JM-JJV

RAY HOBBS, Director,                                                                             RESPONDENT
Arkansas Department of Correction

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody, Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in a waiver of the right to appeal questions of fact.

If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a new hearing for this purpose before either the District Judge or Magistrate Judge, you must, at the time you file your written objections, include the following:

1.      Why the record made before the Magistrate Judge is inadequate.

2.      Why the evidence to be proffered at the new hearing (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

3.      The details of any testimony desired to be introduced at the new hearing in the form

of an offer of proof, and a copy, or the original, of any documentary or other non-testimonial evidence desired to be introduced at the new hearing.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing. Mail your objections and "Statement of Necessity" to:

>   Clerk, United States District Court
>   Eastern District of Arkansas
>   600 West Capitol Avenue, Suite A149
>   Little Rock, AR 72201-3325

**DISPOSITION**

**I.      BACKGROUND**

On July 10, 2008, a Faulkner County jury convicted Petitioner, Jeffrey Paul Golden, of two counts of aggravated robbery, one count of felon in possession of firearm, and two counts of misdemeanor theft of property. (Doc. No. 5.)   These convictions were the results of two robberies in Conway, Arkansas. The first, case CR2006-2508, was a robbery of a Subway restaurant on August 11, 2006. (Doc. Nos. 1 and 5.) The second, case CR2006-2512, was a robbery three days later of the Playworld Family Fun Center. (*Id.*)

The evidence against Mr. Golden was eyewitness testimony from both robberies, and a similar third robbery brought into evidence pursuant to Arkansas Rule of Evidence 404(b). Golden's defense at trial was a claim of mistaken identity. (Doc. No. 1 at 4.) The two cases were tried, and ultimately appealed, together.

On August 7, 2008, Mr. Golden, represented by a new attorney, Mr. Jeff Rosenzweig, Esq., filed a motion for a new trial.  He argued that, because the original video of the Subway robbery was never found, it was presumably exculpatory evidence. (Doc. No. 5-2.) He also alleged that he was entitled to a new trial because the trial court erred by not admitting a "purported receipt for movie tickets and refreshment, which he claimed corroborated his alibi testimony that he was in the theater

with his children during the time and date in question." *Golden v. State,* 2009 Ark. App. 632 (*Golden I*). The State responded, and the court held a hearing. On August 22, 2008, the circuit court denied the motion. (Doc. No. 5-5.)

Mr. Golden filed his direct appeal to the Arkansas Court of Appeals raising two claims: (1) the trial court erred by not admitting the receipt from the Rave Movie theater which supported his alibi and (2) the trial court erred by denying his motion for a new trial. *Golden I,* 2009 Ark. App. 632 at 1. The Arkansas Court of Appeals affirmed, finding the trial court did not abuse its discretion. *Id.* In its September 30, 2009 opinion, the Court of Appeals held that Mr. Golden did not object to the introduction of the duplicate copy of the Subway video into evidence and he never alleged bad faith on the part of the police in the loss of the video and because of that, the court "cannot say that the circuit court manifestly abused its discretion in denying Golden's motion for new trial." *Id.* Further, testimony at trial indicated there was no difference between the duplicate copy of the video and the original. *Id.*

On December 15, 2009, Mr. Golden timely filed a petition for post-conviction relief pursuant to Arkansas Rule of Criminal Procedure 37. (Doc. No. 5-8.) One petition was filed for both cases. In his petition, Mr. Golden argued his trial counsel was ineffective because he failed to be ready with witnesses to authenticate a receipt from the Rave movie theater to substantiate his alibi for the Subway robbery. (*Id.*) On the State's objection, the Court precluded the evidence. This, Mr. Golden said, was the result of counsel's incompetence. (*Id.* at 4.) The State responded that Mr. Golden had failed to show that, even if someone from the Rave movie theater would have testified, there would not be any effect on the outcome of the trial and therefore, the Rule 37 petition should be denied. (Doc. No. 5-9.)

On December 30, 2009, the circuit court entered an order denying Rule 37 relief to Mr.

3

Golden in Case No. CR 2006-2512 - the robbery of Playworld Family Fun Center - finding that "the defendant gives no specific instances of conduct that would lead to the belief that counsel was ineffective." (Doc. No. 5-10.)

On December 9, 2010, the circuit court held a hearing on the Rule 37 petition, for Case No. CR 2006-2508 - the Subway robbery. (Doc. No. 5.) On November 8, 2011, the court entered an order denying Mr. Golden relief in case CR 2006-2508. (Doc. No. 5-11.) The court held:

> Counsel is presumed effective. The petitioner must overcome that presumption by establishing that the defense was prejudiced to a significant degree by counsel's performance. The petitioner must show there is a reasonable probability that, but for counsel's error, the fact finder would have had a reasonable doubt as to the defendant's guilt. The court will consider the totality of the evidence and strength of the state's proof of the defendant's guilt.
>
> Considering the proof presented by the State at trial, and testimony at the evidentiary hearing that anyone with access to Golden's debit card could have generated the receipt and bank transactions, this court cannot find that there is a reasonable probability the jury would have reached a different verdict had counsel subpoenaed the witnesses who testified at the evidentiary hearing. Defendant has failed to establish that counsel's representation fell below the standards set in *Strickland.*

(*Id*. at 3.)

Mr. Golden appealed the denial of his Rule 37 petition to the Arkansas Supreme Court, and the court affirmed in an opinion issued April 11, 2013. *Golden v. State*, 2013 Ark. 144 (*Golden II*). The Arkansas Supreme Court began its opinion by clarifying some of the complexities of the procedural history in the case:

> Prior to reaching the merits of this appeal, we first address Golden's request to clear up a matter of procedural history. The Playworld robbery was charged, tried, and appealed under the circuit court's docket number CR 2006–2512. The Subway robbery was charged, tried, and appealed under the circuit court's docket number CR 2006–2508. Both cases were tried and appealed together. Accordingly, Golden's petition for postconviction relief was filed with respect to both lower-court docket numbers. Soon after the petition was filed, the circuit court entered an order in the Playworld case, CR 2006–2512, denying relief without a hearing. Much later, the circuit court held a hearing in which the only issue discussed was trial counsel's failure to authenticate the Rave receipt as corroboration of Golden's alibi to the

4

> Subway robbery, case number CR 2006–2508. According to the bar-code sticker appearing on the face of the order, the circuit court then entered the order appealed in the instant appeal in case number CR 2006–2508. Golden's counsel asserts that he never received notice of the order denying relief in case number CR 2006–2512, and in fact did not know it existed until he discovered it in the record while preparing the brief in this appeal. We acknowledge that there is nothing in that order to indicate it was ever communicated to Golden or his counsel. We also acknowledge that the circuit court's docket entries, as well as the court reporter's notation on the front of the transcript, indicate that the postconviction hearing was held with respect to both case numbers. However, as noted, the only issue discussed at the hearing related to the Subway robbery, case number CR 2006–2508. Moreover, there is nothing in the record to indicate that the order denying relief in case number CR 2006–2512 was ever set aside. We therefore deny counsel's request to set aside in this appeal the circuit court's order entered in case number CR 2006–2512.

*Golden II*, 2013 Ark. 144 at 12-13.

The Court concluded, "... we simply cannot say that there is a reasonable probability that the jury would have acquitted Golden if they had heard the independently corroborating testimony of the Rave manager and the bank vice-president as to the Subway alibi. Accordingly, we cannot say the circuit court's finding of a failure to demonstrate *Strickland* prejudice was clearly erroneous." *Id.* at 10. Mr. Golden filed a petition for rehearing which was denied on May 16, 2013. (Doc. No. 5-16.)

In the instant Petition filed March 28, 2014, Mr. Golden alleges that his conviction was invalid because of his trial counsel's ineffective assistance, and that he was denied due process because neither he nor his counsel knew of the Faulkner County Circuit Court order in December 2009 denying his Rule 37 relief. (Doc. No. 1 at 4-6.)

II.     ANALYSIS

    A.     **Ineffective Assistance of Counsel**

After careful review of the Petition and Response, the Court concludes the Petition is without merit and should be DISMISSED. Mr. Golden's allegations that his attorney was ineffective because the proper witnesses were not subpoenaed to authenticate the receipt from the Rave movie theater

5

has been properly raised and addressed on its merits in the state courts.

In the interests of finality and federalism, federal habeas courts, under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), are restricted to a "limited and deferential review of underlying state court decisions." *Sera v. Norris*, 400 F.3d 538, 542 (8th Cir. 2005); *Ryan v. Clarke*, 387 F.3d 785, 790 (8th Cir. 2004). Under the AEDPA, federal review of underlying state court decisions are limited because federal courts may only grant habeas relief if the claim was adjudicated on the merits in the state court proceeding and the state court's decision:

(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d); *see also Rompilla v. Beard*, 545 U.S. 374, 380 (2005).

Under subsection (d)(1), a state court decision is "contrary to" federal law if the state court arrived "at a conclusion opposite to that reached by [the Supreme Court] on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000); see also *Collier v. Norris*, 485 F.3d 415, 421 (8th Cir. 2007). A decision involves an unreasonable application of federal law when the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams*, 529 U.S. at 413. Under subsection (d)(2), a state court decision will be based on an "unreasonable determination of the facts in light of the evidence presented . . . only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record." *Lomholt v. Iowa*, 327 F.3d 748, 752 (8th Cir. 2003). Such is not the case here.

The Arkansas Supreme Court correctly identified the governing federal law for ineffectiveness claims as *Strickland v. Washington*, 466 U.S. 668 (1984). *Strickland* establishes a two-element test for ineffective assistance of counsel:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

*Strickland,* 466 U.S. at 687.

Following *Strickland*, the Arkansas Supreme Court correctly held that there was no showing of ineffective assistance of counsel in Mr. Golden's case. *Golden II*, 2013 Ark. 144. After careful review of the Petition and Response, the Court concludes the state court's conclusion did not entail an unreasonable application of federal law. In reviewing an ineffective assistance claim under the "unreasonable application" clause of § 2254(d)(1), "[t]he question 'is not whether a federal court believes the state court's determination' under the *Strickland* standard 'was incorrect but whether that determination was unreasonable – a substantially higher threshold." *Knowles v. Mirzayance,* 556 U.S. 111, 123 (2009) (quoting *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007)).

Moreover, interpretation and application of state law are not subject to habeas corpus review since federal habeas corpus relief does not lie for errors of state law. *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Lupien v. Clarke*, 403 F.3d 615, 619 (8th Cir. 2005) (citing *Bounds v. Delo*, 151 F.3d 1116, 1118 (8th Cir. 1998) ("Determinations of state law made by a state court are binding on a federal court in habeas proceedings"). Thus, questions of state law that have been decided by a state court are simply not reviewable, "even under the deferential standard of 28 U.S.C. § 2254(d)." *Lupien*, 403 F.3d at 619 (8th Cir. 2005) (quoting *Lee v. Gammon*, 222 F.3d 441, 443 (8th Cir.

2000)). Of course, a factual issue would be susceptible to limited review by the habeas court. *See* 28 U.S.C. § 2254(e)(1).[1] However, it is not the duty of the federal habeas court to "reexamine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). A federal court conducting a habeas review "is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id*.

The Arkansas Supreme Court reasonably applied *Strickland* to the facts of Mr. Golden's case. As the Supreme Court correctly determined there was no prejudice under the *Strickland* standard because even if trial counsel had called a Rave employee or a bank executive, the allegations did not demonstrate a reasonable probability that the outcome of the trial would have been different. (Doc. No. 5 at 10.)

In all cases, the burden of proof to establish a *Strickland* violation is on the petitioner, and conclusory allegations of ineffectiveness do not warrant relief. *E.g., Deltoro -Aguilera v. United States,* 625 F.3d 434, 438 (8th Cir. 2010); *Hollis v. United States,* 796 F.2d 1043, 1046 (8th Cir. 1996). Mr. Golden has not met his burden in the instant case. The Arkansas Supreme Court rendered a well-reasoned opinion that was supported by the record and was not an unreasonable application of clearly established federal law; therefore, Mr. Golden's Petition should be dismissed.

**B.     Due Process**

In his federal habeas Petition, Mr. Golden also argues that the Arkansas Supreme Court violated his federal due process rights by not vacating the Faulkner County Circuit Court's December 30, 2009, order which denied him postconviction relief in Case No. CR 2006-2512 - the Playworld robbery. (Doc. No. 1.) He asserts that he did not receive notice of that order, and therefore could not

---

[1] State court factual findings are "presumed to be correct," and this presumption can be rebutted only by clear and convincing evidence.  28 U.S.C. § 2254(d).

8

appeal. As such, he should be allowed rehearing before the Arkansas Supreme Court. (*Id.*)

Respondent argues that Mr. Golden's claim is not cognizable in a federal habeas corpus petition. (Doc. No. 5 at 10.) The Court agrees. A federal court may consider a habeas petition filed by a state prisoner only "on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *see also* Rule 1(a)(1) of the Rules Governing Section 2254 Cases in the United States District Courts. As Respondent notes, the circuit court's order was filed of public record by the Faulkner County Circuit Clerk on December 30, 2009 at 2:50 p.m. (Doc. No 5 at 11.) So as a practical matter, there is no constitutional violation here. But Respondent also cites *Schlup v. Armontrout*, 941 F.2d 631 (8th Cir. 1991), in which the petitioner was denied an evidentiary hearing. Although the Court understands the different context at play, the holding is on point because "[t]he claim present[ed] a challenge to a state court proceeding which [was] collateral to Schlup's detention, rather than a constitutional challenge to the detention itself." *Id.* at 642. So just was the case for *Schlup*, Mr. Golden's due process claim is not cognizable in a habeas corpus action.

**C.     Merits**

Petitioner's claims do give this Court some pause. Because he raises a claim of actual innocence and his convictions are based on eyewitness testimony, the Court has also performed a merits review of this matter. The Court finds a hearing unnecessary as the issues have been fully developed and thoroughly litigated in state court.

For a habeas petitioner to prevail on an ineffective assistance of counsel claim, the petitioner must demonstrate a lack of reasonable performance of counsel and prejudice resulting from the unreasonable representation. *Strickland*, 466 U.S. at 687. In conducting this review, courts "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable

9

professional assistance." *Id*. at 689. To satisfy the prejudice prong, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Armstrong v. Kemna*, 590 F.3d 592, 595-596 (8th Cir. 2010) (citations omitted). "A reasonable probability is one sufficient to undermine confidence in the outcome." *Id*. at 596. Moreover, the law places the burden on the petitioner to disprove the factual findings of the state court. "In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." 28 U.S.C. § 2254(e)(1).

The crux of this case involves counsel's alleged failure to provide witnesses to admit evidence to place Mr. Golden at a movie at the time of one robbery. While clearly this was favorable evidence for the defense, it cannot be said that counsel's failure in this regard amounts to constitutional ineffective assistance of counsel. Despite failing to have witnesses available to admit this evidence, counsel was obviously still prepared to present Mr. Golden's alibi. At trial, Golden and his two children testified they were at the movie during the robbery. *Golden II*, 2013 Ark. 144 at 5-6. The jury rejected this testimony. And, importantly, the jury also rejected Golden's alibi evidence for the other robberies. *Id.* While the Court understands the *possibility* that evidence could have corroborated his testimony, the Court concludes Petitioner has failed to prove that his counsel's representation fell below an objective standard of reasonableness. He has not shown the requisite prejudice because the evidence could have been impeached. This Court agrees with the conclusion of the Arkansas Supreme Court that stated:

> Yet, as the circuit court observed, the bank vice-president testified that there was no way to know who was actually holding Golden's debit card and making the two transactions reflected on the receipt and the bank statement. Thus, the credibility of the unheard testimony corroborating the Subway alibi is subject to some doubt.

10

> Given the jury's apparent disregard of the testimony from the two witnesses from the Sherwood Auto Plaza who corroborated Golden's alibi for the Dollar General robbery, we simply cannot say that there is a reasonable probability that the jury would have acquitted Golden if they had heard the independently corroborating testimony of the Rave manager and the bank vice-president as to the Subway alibi.

*Id.* at 9-10.

### III.   CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11 of the Rules Governing Section 2254 Cases in the United States District Courts, a district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In cases where the petitioner's claims are procedurally barred, a district court must consider the following factors when determining whether it should issue a certificate of appealability: "(1) if the claim is clearly procedurally defaulted, the certificate should not be issued; (2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims, the certificate should not be issued; but, (3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted." *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002) (citing *Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000)); *see also Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006). In the instant case, no certificate of appealability should be issued.

### IV.   CONCLUSION

IT IS, THEREFORE, RECOMMENDED that:

1. The Petition for Writ of Habeas Corpus (Doc. No.1) be DISMISSED.

2. A certificate of appealability should not be issued.

DATED this 27th day of October, 2014.

                                              _____
                                              JOE J. VOLPE
                                              UNITED STATES MAGISTRATE JUDGE